Brent Dorian Brehm – SBN 248983
  E-mail: bbrehm@kantorlaw.net
Glenn R. Kantor – SBN 122643
  E-mail: gkantor@kantorlaw.net
KANTOR & KANTOR LLP
19839 Nordhoff Street
Northridge, California 91324
Telephone: (818) 886 2525
Facsimile:  (818) 350 6272

Attorneys for Plaintiff,
YOLANDA SANCHEZ

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| YOLANDA SANCHEZ,<br><br>              Plaintiff,<br><br>       v.<br><br>LIFE INSURANCE COMPANY OF NORTH AMERICA,<br><br>              Defendant. | Case No.:<br><br>**COMPLAINT FOR DAMAGES**<br><br>**(1)  BREACH OF CONTRACT**<br><br>**(2)  BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff, Yolanda Sanchez, herein sets forth the allegations of her Complaint against Defendant Life Insurance Company of North America.

## PRELIMINARY ALLEGATIONS

1.     Jurisdiction is based on diversity of citizenship pursuant to 28 U.S.C. § 1332. The amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000.00.

2.     Plaintiff is informed and believes that Defendant Life Insurance Company of North America (hereinafter "LINA") is a corporation incorporated in, and with its principle place of business in, the State of Massachusetts, authorized to transact and transacting business in the Central District of California and can be found in the Central District of California.

1
COMPLAINT

3. Plaintiff Yolanda Sanchez is a resident and citizen of the City of Bakersfield, State of California. On or after January 1, 2012, LINA issued or renewed a group policy of Long Term Disability Benefits to the Kern Community College District. The Group Policy, LK0960994, was intended to insure and fund the Kern Community College District Disability Insurance Plan ("Disability Plan") afforded by the College District to certain employees of the Community College. Plaintiff was afforded disability coverage under the terms of the Disability Plan. The contract which is the subject of this action was administered in this Judicial District, and the breach occurred in this district, thus Venue is proper in this Court based upon 28 U.S.C. § 1391(a).

## FIRST CLAIM FOR RELIEF AGAINST DEFENDANT
## LIFE INSURANCE COMPANY OF NORTH AMERICA
## FOR BREACH OF CONTRACT

4. Plaintiff incorporates by reference all preceding paragraphs as though set fully forth herein.

5. All premiums due to maintain Plaintiff's coverage in full force and effect under the Policy have been paid. At all relevant times, Plaintiff has performed all obligations under the Policy on her part to be performed.

6. On or before June 27, 2014, Plaintiff suffered a loss compensable under the terms of the Policy in that she was unable to perform all of the material duties of her occupation as a department assistant, and such inability required her to take a disability leave.

7. Thereafter, in a timely fashion, the Plaintiff submitted a long term disability claim to LINA. LINA assigned it the incident number 3530058 and approved Plaintiff's claim after evaluating the medical evidence. In a letter dated August 31, 2016, LINA stated it had completed another review of Plaintiff's claim and determined she continued to be entitled to disability benefits under the Policy. This finding was based on Plaintiff's inability to perform any reasonable occupation.

8. In a letter dated May 24, 2017, LINA denied Plaintiff's claim. Plaintiff appealed the termination decision and submitted evidence of both her continued disabling medical condition and her inability to perform her regular occupation. Subsequently she provided LINA with over 2,400 pages of documents supporting her continued disability – including a recording of the hearing before, and findings of, an Administrative Law Judge who found Plaintiff disabled from any reasonable occupation.

9. Despite the opportunity to reverse its erroneous decision to terminate benefits and correctly administer the claim, LINA failed to respond.

10. As a direct and proximate result of LINA's improper determination regarding Plaintiff's disability claim, Plaintiff has been deprived of the right to obtain benefits under the terms of the Policy.

11. LINA's conduct constitutes a breach of the insurance contract between LINA and Plaintiff. As a direct and proximate result of LINA's breach of the Policy, Plaintiff has suffered contractual damages under the terms and conditions of the Policy that will continue, plus interest and other incidental damages and out-of-pocket expenses, all in the sum to be determined according to proof at the time of trial.

## SECOND CLAIM FOR RELIEF AGAINST DEFENDANT LINAINSURANCE COMPANY FOR BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

12. Plaintiff incorporates by reference all preceding paragraphs as though set fully forth herein.

13. LINA has breached its duty of good faith and fair dealing owed to Plaintiff in the following respects:

    (a) Unreasonably withholding benefits from Plaintiff in bad faith at a time when LINA knew Plaintiff was entitled to said full benefits under the Policy;

     (b)    Unreasonably and in bad faith failing to provide a prompt and reasonable explanation of the basis relied on under the terms of the Policy when advising Plaintiff that she was not entitled to further benefits and again, when it failed to respond to Plaintiff's submission of additional information;

     (c)    Unreasonably delaying payments to Plaintiff in bad faith knowing Plaintiff's claim for benefits under the Policy was valid;

     (d)    Unreasonably failing to properly and objectively investigate Plaintiff's claim;

     (e)    Intentionally and unreasonably applying pertinent policy provisions inconsistent with California law, so as to limit LINA's financial exposure and contractual obligations and to maximize its own profits; and

     (f)    Unreasonably compelling Plaintiff to institute litigation to recover amounts due under the policy in an effort to further discourage Plaintiff from pursuing her full policy benefits.

14.    Plaintiff is informed and believes and thereon alleges that LINA has breached its duties of good faith and fair dealing owed to Plaintiff by other acts or omissions of which Plaintiff is presently unaware. Plaintiff will amend this Complaint at such time as Plaintiff discovers these other acts or omissions.

15.    As a proximate result of the aforementioned wrongful conduct of LINA, Plaintiff has suffered, and will continue to suffer in the future, damages under the Policy, plus interest, for a total amount to be shown at the time of trial.

16.    As a further proximate result of the aforementioned wrongful conduct of LINA, Plaintiff has suffered anxiety, worry, mental and emotional distress, and other incidental damages and out-of-pocket expenses, all to Plaintiff's general damage in a sum to be determined at the time of trial.

17.    As a further proximate result of the aforementioned wrongful conduct of LINA, Plaintiff was compelled to retain legal counsel to obtain the benefits due under the Policy. Therefore, LINA is liable to Plaintiff for those attorneys' fees

1  reasonably necessary and incurred by Plaintiff to obtain Policy benefits in a sum to
2  be determined at the time of trial.

3       18.    LINA's conduct described herein was intended by LINA to cause
4  injury to Plaintiff, was despicable conduct carried on by LINA with a willful and
5  conscious disregard of the rights of Plaintiff, subjected Plaintiff to cruel and unjust
6  hardship in conscious disregard of her rights, and was an intentional
7  misrepresentation, deceit, or concealment of a material fact known to LINA with the
8  intention to deprive Plaintiff of property and/or legal rights or to otherwise cause
9  injury, such as to constitute malice, oppression, or fraud under California Civil Code
10 § 3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to
11 punish or set an example of LINA.

12      19.    LINA's conduct in wrongfully denying LTD benefits to Plaintiff was
13 an unfair act and practice which caused Plaintiff to suffer a loss of income, a
14 substantial loss of property set aside for personal care and maintenance, and assets
15 essential to her health and welfare. Plaintiff is a disabled person within the meaning
16 of California Civil Code § 3345, and as a consequence of LINA's wrongful actions
17 herein, Plaintiff is entitled to a trebling of any damages imposed by the trier of fact
18 pursuant to California Civil Code § 3294.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against LINA as follows:

1. Damages for failure to provide full benefits under the Policy for past, present, and future benefits, in an amount to be determined at the time of trial but in excess of $180,000.00, plus interest, including prejudgment interest;

2. General damages for mental and emotional distress and other incidental damages in the sum of $2,000,000.00;

3. Punitive and exemplary damages in an amount in excess of $4,000,000.00;

4. A trebling of any punitive damages pursuant to California Civil Code § 3345;

5. Attorneys' fees reasonably incurred to obtain Policy benefits in a sum to be determined at the time of trial;

6. Costs of suit incurred herein; and

7. Such other and further relief as the Court deems just and proper.

DATED: January 26, 2018                    KANTOR & KANTOR, LLP

                                           By:   */s/ Brent Dorian Brehm*
                                                 Brent Dorian Brehm
                                                 Attorneys for Plaintiff
                                                 YOLANDA SANCHEZ

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury.

DATED: January 26, 2018                    KANTOR & KANTOR, LLP

                                           By:   */s/ Brent Dorian Brehm*
                                                 Brent Dorian Brehm
                                                 Attorneys for Plaintiff
                                                 YOLANDA SANCHEZ